DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV (State Bar No. 169454)
  alonzowickers@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800/Fax:  (213) 633-6899

DAVIS WRIGHT TREMAINE LLP
ELIZABETH A. McNAMARA (*Of Counsel*)
  lizmcnamara@dwt.com
DEBORAH A. ADLER (*Of Counsel*)
  deborahadler@dwt.com
1633 Broadway, 27th Floor
New York, New York 10019
Telephone:  (212) 489-8230/Fax:  (212) 489-8340

Attorneys for Defendants
BAUER PUBLISHING COMPANY, L.P., BAUER MAGAZINE
L.P., BAUER MEDIA GROUP, INC., BAUER, INC., and
HEINRICH BAUER NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CRUISE,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>BAUER PUBLISHING COMPANY, L.P. BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER, INC., HEINRICH BAUER NORTH AMERICA, INC., and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No. **CV 12-09124 (DDP) (JCX)**<br><br>**THE BAUER DEFENDANTS' ANSWER TO COMPLAINT** |

　　　　As and for their answer to the complaint of plaintiff Tom Cruise ("Cruise" or "Plaintiff"), defendants Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, Inc., Bauer Inc., Heinrich Bauer North America, Inc. (collectively, the "Bauer Defendants"), while not conceding they were each properly named as defendants or were involved in the publications at issue in this action, allege as follows:

ANSWER
DWT 20778563v1 0069628-000033

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## Introduction

1. To the extent the allegations of paragraph 1 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, Bauer Publishing Company L.P. and Bauer Magazine L.P. admit that they are the respective publishers of magazines *Life & Style Weekly* and *In Touch Weekly* and the Bauer Defendants otherwise deny each and every remaining allegation set forth in paragraph 1 of the complaint.

## Allegations regarding Jurisdiction and Venue

2. To the extent the allegations of paragraph 2 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto. To the extent such allegations are deemed to be allegations of fact, the Bauer Defendants do not dispute that this Court has subject matter jurisdiction over this action.

3. To the extent the allegations of paragraph 3 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto. To the extent such allegations are deemed to be allegations of fact, the Bauer Defendants deny that plaintiff has suffered any harm and do not dispute that venue is proper.

## Allegations regarding the Parties

4. Admit the allegations set forth in paragraph 4 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning plaintiff's principle place of residence.

5. Admit the allegations set forth in paragraph 5 of the complaint.

6. Admit the allegations set forth in paragraph 6 of the complaint.

7. Admit the allegations set forth in paragraph 7 of the complaint.

8. Admit the allegations set forth in paragraph 8 of the complaint.

9. Deny that Heinrich Bauer North America, Inc.'s principal place of business is New York and otherwise admit the allegations set forth in paragraph 9 of the complaint.

2
ANSWER
DWT 20778563v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

10. To the extent the allegations of paragraph 10 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, the Bauer Defendants deny knowledge or information sufficient to form a belief as to the identities of the JOHN DOES and deny the remainder of the aforesaid paragraph.

11. To the extent the allegations of paragraph 11 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, the Bauer Defendants deny each and every allegation thereof.

12. Admit that Bauer Publishing Company L.P. and Bauer Magazine L.P. are the respective publishers of magazines *Life & Style Weekly* and *In Touch Weekly*, which are distributed in print internationally, and admit that the covers of *Life & Style Weekly* and *In Touch Weekly* were published on the magazines' respective websites, and that the Bauer Defendants sell more magazines at retail in the United States than any other magazine publishing company, and otherwise deny each and every allegation set forth in paragraph 12 of the complaint.

13. Admit that the Bauer Defendants sell magazines in supermarkets and other stores and outlets throughout the country, and otherwise deny each and every allegation set forth in paragraph 13 of the complaint.

## FIRST CLAIM FOR RELIEF
### Allegations of Defamation
### (Against All Defendants)

14. Repeat and reallege the responses set forth in paragraphs 1 through 13 set forth above as if fully set forth herein.

15. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the complaint, except admit on information and belief that plaintiff has one child, Suri, with actress Katie

ANSWER
DWT 20778563v1 0069628-000033

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Holmes, plaintiff has two children by a prior marriage, and that plaintiff and Ms. Holmes were divorced in August 2012 after reaching a settlement agreement.

16. Admit that on July 18, 2012 as a means of conventional incidental promotion for the issue, and the article contained in the issue referencing plaintiff, the Bauer Defendants published the cover of the July 30, 2012 issue of *Life & Style* on the *Life & Style* website, containing a photograph of Suri in a box in the upper left hand corner, with the headline, "Suri in Tears, ABANDONED BY HER DAD," an opinion which is supported by the article in the issue.

17. Admit that the July 30, 2012 issue of *Life & Style* was distributed in print, and otherwise refer the Court to Exhibit A to the complaint for the contents thereof.

18. Admit that the July 30, 2012 issue of *Life & Style* included a story opining that Suri was having a "difficult time in the wake of her parents' split," that the "normally sunny Suri has had several tearful episodes while out with Katie recently", reporting the undisputed fact that "she hasn't seen her Dad in a month" and otherwise deny each and every allegation set forth in paragraph 18 of the complaint.

19. Admit that plaintiff's counsel wrote to *Life & Style's* counsel on or about July 18, 2012; admit that *Life & Style's* counsel responded to plaintiff's counsel that *Life & Style* was confident it had acted in a good faith belief in the accuracy of the information it reported, including information supporting the opinion expressed on the cover of the issue; and as to the remaining allegations in paragraph 19 of the complaint, refer the Court to Exhibit B to the complaint for the contents thereof, and otherwise deny each and every allegation set forth in paragraph 19 of the complaint.

20. To the extent the allegations of paragraph 20 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be

4
ANSWER
DWT 20778563v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

allegations of fact, the Bauer Defendants deny each and every allegation set forth in paragraph 20 of the complaint.

21.  Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the complaint and otherwise deny that plaintiff's representatives have repeatedly informed the Bauer Defendants that plaintiff speaks to Suri "every day, and often more frequently".

22.  To the extent the allegations of paragraph 22 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, the Bauer Defendants deny each and every allegation set forth in paragraph 22 of the complaint.

23.  To the extent the allegations of paragraph 23 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, the Bauer Defendants deny each and every allegation set forth in paragraph 23 of the complaint.

24.  To the extent the allegations of paragraph 24 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, the Bauer Defendants deny each and every allegation set forth in paragraph 24 of the complaint.

25.  Admit that on September 19, 2012, the Bauer Defendants published the cover of the October 1, 2012 issue of *In Touch*, a "sister" publication of *Life & Style*, on *In Touch's* website with an accompanying story, and admit that the cover contained a photograph of Suri and a photograph of plaintiff with the following headlines: "44 Days Without Tom, Abandoned by Daddy.  Suri is left heartbroken as Tom suddenly shuts her out and even misses her first day of school.  Has He Chosen Scientology Over Suri for Good?"  To the extent the remaining allegations set forth

5
ANSWER
DWT 20778563v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

in paragraph 25 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto; to the extent the remaining allegations of the said paragraph are deemed to be allegations of fact, the Bauer Defendants deny each and every remaining allegation set forth in paragraph 25 of the complaint.

26. Refer the Court to Exhibit C to the complaint for the contents thereof and otherwise deny each and every allegation set forth in paragraph 26 of the complaint.

27. Refer the Court to Exhibit D to the complaint for the contents thereof and admit that Defendants responded to plaintiff explaining that the article, including how it was referenced on the cover reflected opinions based on revealed and undisputed facts including that plaintiff did not dispute that he had not visited Suri for over two months, despite previously assuring his daughter that he would be spending a lot of time with her after his divorce.

28. To the extent the allegations of paragraph 28 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, the Bauer Defendants deny each and every allegation set forth in paragraph 28 of the complaint.

## SECOND CLAIM FOR RELIEF
### Allegations of Invasion of Privacy (False Light)
### (Against All Defendants)

29. Repeat and reallege the responses set forth in paragraphs 1 through 28 as though they were fully set forth herein.

30. To the extent the allegations of paragraph 30 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto; to the extent the allegations of the said paragraph are deemed to be allegations of fact, the Bauer Defendants deny each and every allegation set forth in paragraph 30 of the complaint.

6

ANSWER
DWT 20778563v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

31. To the extent the allegation set forth in paragraph 31 of the complaint is deemed to be an allegation of law, the Bauer Defendants are not required to plead thereto; to the extent the allegation in the said paragraph is deemed to be an allegation of fact, the Bauer Defendants deny the allegation set forth in paragraph 31 of the complaint.

32. To the extent the allegation set forth in paragraph 32 of the complaint is deemed to be an allegation of law, the Bauer Defendants are not required to plead thereto; to the extent the allegation in the said paragraph is deemed to be an allegation of fact, the Bauer Defendants deny the allegation set forth in paragraph 32 of the complaint.

33. To the extent the allegation set forth in paragraph 33 of the complaint is deemed to be an allegation of law, the Bauer Defendants are not required to plead thereto; to the extent the allegation in the said paragraph is deemed to be an allegation of fact, the Bauer Defendants deny the allegation set forth in paragraph 33 of the complaint.

34. To the extent the allegations set forth in paragraph 34 of the complaint are deemed to be allegations of law, the Bauer Defendants are not required to plead thereto; to the extent the allegations in the said paragraph are deemed to be allegations of fact, the Bauer Defendants deny the allegations set forth in paragraph 34 of the complaint.

***

35. Each and every allegation contained in the complaint not specifically admitted is herein denied.

36. To the extent that the headings contained in the complaint constitute allegations, such allegations are denied.

With respect to the Wherefore clauses in the complaint, the Bauer Defendants deny that Plaintiff is entitled to any relief, including damages, punitive damages, the costs of suit or any other relief.

ANSWER
DWT 20778563v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## SEPARATE AND ADDITIONAL DEFENSES

By alleging the Separate and Additional Defenses, set forth below, the Bauer Defendants are not in any way acknowledging or conceding that they have the burden of proof for any issue for which applicable law places the burden on plaintiff.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

1. Plaintiff's complaint fails to state a cause of action, in whole or in part, upon which relief can be granted.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver and estoppel.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

3. Plaintiff's claims for relief against the Bauer Defendants are barred by the First and Fourteenth Amendments to the United States Constitution and Article 1, Section 2 of the California Constitution.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

4. Some or all of the allegedly defamatory statements complained of by plaintiff are true or substantially true, and thus cannot give rise to any claim against the Bauer Defendants.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

5. Some or all of the allegedly defamatory statements complained of by plaintiff do not assert verifiably false facts, and/or constitute rhetorical hyperbole or subjective statements of opinion, and thus cannot give rise to any claim against the Bauer Defendants.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

6. Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, because he cannot prove that he has suffered any compensable damage as a result of any actionable statement published by the Bauer Defendants.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

ANSWER
DWT 20778563v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

7. Plaintiff's causes of action are barred in whole or in part by the incremental harm doctrine.

### EIGHTH SEPARATE AND ADDITIONAL DEFENSE

8. Plaintiff's causes of action are barred in whole or in part because the challenged statements cannot be reasonably understood by a reasonable reader to have the defamatory meaning that plaintiff strains to allege.

### NINTH SEPARATE AND ADDITIONAL DEFENSE

9. Plaintiff's causes of action are barred in whole or in part, because if plaintiff was harmed, which the Bauer Defendants deny, plaintiff impliedly assumed the risk of that harm.

### TENTH SEPARATE AND ADDITIONAL DEFENSE

10. Some or all of plaintiff's claims are barred because plaintiff fails to allege a single false statement of fact with the requisite accuracy and specificity to state a cause of action for defamation.

### ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

11. The allegedly defamatory statements in the Bauer Defendants' articles were published without the degree of fault required by the First and Fourteenth Amendments to the United States Constitution and Article I, Section 2 of the California Constitution, and thus cannot give rise to any claim against the Bauer Defendants.

### TWELFTH SEPARATE AND ADDITIONAL DEFENSE

12. The allegedly defamatory statement or statements complained of by plaintiff cannot provide a basis for any recovery by plaintiff because he is a public figure and the Bauer Defendants did not act with actual malice.

### THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

13. The allegedly defamatory statement or statements complained of by plaintiff are protected by the doctrine of fair comment, and therefore cannot provide a basis for any recovery by plaintiff.

9

ANSWER
DWT 20778563v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14. Plaintiff's claims for relief against the Bauer Defendants are barred by the doctrine of neutral reportage.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

15. Plaintiff's claims for relief against the Bauer Defendants are barred because the alleged actions undertaken by the Bauer Defendants were privileged under California law and common law.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

16. Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because the damages allegedly suffered by plaintiff, if any, were not proximately caused by the Bauer Defendants.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

17. Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because of plaintiff's failure to mitigate his alleged damages, if any.

## EIGHTTEENTH SEPARATE AND ADDITIONAL DEFENSE

18. Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because any damages allegedly suffered by plaintiff were the result, in whole or in part, of plaintiff's own legal fault, and any recovery by plaintiff should be reduced in proportion to plaintiff's fault.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

19. Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because any damages allegedly suffered by plaintiff were either wholly or in part the legal fault of persons, firms, corporations, or entities other than the Bauer Defendants, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by the Bauer Defendants.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

20. Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, because any award of damages would unjustly enrich plaintiff.

ANSWER
DWT 20778563v1 0069628-000033

10

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

21.  Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because plaintiff has not pleaded either libel *per se* or special damages with sufficient particularity.

**TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

22.  Plaintiff's claims for relief against the Bauer Defendants are barred, in whole or in part, because plaintiff has failed to state a claim upon which punitive damages can be awarded against the Bauer Defendants.

**TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

23.  Plaintiff is not entitled to recover punitive damages because the statement or statements complained of involved a matter of public concern and no statement was made with actual malice.

**TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

24.  The Complaint, to the extent that it seeks punitive damages against the Bauer Defendants, violates the Bauer Defendants' right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, of the vagueness and uncertainty of the criteria for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages. Therefore, plaintiff cannot recover punitive damages against the Bauer Defendants in this case.

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

25.  The Complaint, to the extent that it seeks punitive damages against the Bauer Defendants, violates the Bauer Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, there is no legitimate state interest in punishing the Bauer Defendants' allegedly unlawful conduct at issue here, or in deterring its possible repetition.

ANSWER
DWT 20778563v1 0069628-000033

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Therefore, plaintiff cannot recover punitive damages against the Bauer Defendants in this case.

### TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

26. The Complaint, to the extent that it seeks punitive damages against the Bauer Defendants, violates the Bauer Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant any punitive damage recovery. Therefore, plaintiff cannot recover punitive damages against the Bauer Defendants in this case.

### TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

27. The Complaint, to the extent that it seeks punitive damages against the Bauer Defendants, violates the Bauer Defendants' right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, any punitive damage award would be grossly out of proportion to the alleged wrongful conduct at issue here. Therefore, plaintiff cannot recover punitive damages against the Bauer Defendants in this case.

### TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

28. To the extent that the Complaint seeks punitive damages against the Bauer Defendants, it violates the Bauer Defendants' right to protection from "excessive fines" under Article 1, Section 17 of the California Constitution, and it violates the Bauer Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 7 of the California Constitution. To the extent that the Complaint seeks punitive damages authorized under California law, no punitive damages may constitutionally be awarded because that statute is unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section

ANSWER
DWT 20778563v1 0069628-000033

12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

7 and Article IV, Section 16 of the California Constitution because neither it, nor any other law of California, establishes the maximum punitive damages award which may be imposed in this case. Therefore, plaintiffs cannot recover punitive damages against the Bauer Defendants in this case.

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

29. The imposition of punitive damages against the Bauer Defendants would deny equal protection of the laws, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 7 and Article IV, Section 16 of the California Constitution. Therefore, plaintiff cannot recover punitive damages against the Bauer Defendants.

**THIRTIETH SEPARATE AND ADDITIONAL DEFENSE**

30. Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, because plaintiff's damages, if any, are vague, uncertain, imaginary, and speculative.

**THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

31. Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, because the Bauer Defendants' conduct was reasonable, justified, and in good faith.

**THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

32. Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, because the challenged statements are not offensive to a reasonable person.

**THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

33. Plaintiff's claims against the Bauer Defendants are barred, in whole or in part, because Plaintiff may not state a claim for false light invasion of privacy where a cause of action for defamation is also alleged.

**THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

34. The Bauer Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated,

ANSWER
DWT 20778563v1 0069628-000033
13
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

separate defenses available to them. The Bauer Defendants reserve their right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate.

**WHEREFORE**, defendants Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, Inc., Bauer Inc., Heinrich Bauer North America, Inc. respectfully seek an Order of this Court as follows:

1. Dismissing the complaint in its entirety and with prejudice;

2. Awarding the Bauer Defendants their costs and disbursements incurred in defending this action; and

3. Granting such other and further relief as this Court deems just and proper.

DATED:  December 14, 2012     DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV
ELIZABETH A. McNAMARA (*Of Counsel*)
DEBORAH A. ADLER (*Of Counsel*)


By:   /s/ Alonzo Wickers IV
              Alonzo Wickers IV

Attorneys for Defendants
BAUER PUBLISHING COMPANY, L.P., BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER, INC., and HEINRICH BAUER NORTH AMERICA, INC.

14

ANSWER
DWT 20778563v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899