BERTRAM FIELDS (SBN 024199)
BFields@ggfirm.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: (310) 553-3610/Fax: (310)553-0687

Attorneys for Plaintiff

ALONZO WICKERS IV (SBN 169454)
alonzowickers@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800/Fax: (213) 633-6899

ELIZABETH A. McNAMARA (Pro Hac Vice)
lizmcnamara@dwt.com
DEBORAH A. ADLER (Pro Hac Vice)
deborahadler@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230/Fax: (212) 489-8340

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CRUISE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BAUER PUBLISHING COMPANY L.P., BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER, INC., HEINRICH BAUER NORTH AMERICA, INC. and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. CV12-09124 DDP (JCx)<br><br>*Assigned To: Hon. Dean D. Pregerson*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference:<br><br>Date:　February 28, 2013<br>Time:　3:00 p.m.<br>Crt Rm:　3<br><br>Action filed: October 24, 2012 |

Plaintiff Tom Cruise ("Plaintiff") and Defendants Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, Inc., Bauer, Inc., and Heinrich Bauer North America, Inc. (collectively, "Defendants") submit this Joint Rule 26(f) Report pursuant to the Court's Order of December 18, 2012, Rule 26(f) of the Federal Rules of Civil Procedure, and Central District Local Rule 26-1:

I.  INFORMATION REQUESTED PURSUANT TO F.R.C.P. 26(f)

    A.  Initial Disclosures [F.R.C.P. Rule 26(f)(3)(A)]

The parties do not believe that any changes should be made in the timing, form, or requirement for disclosures under Rule 26(a). The parties will make the disclosures required by Rule 26(a)(1) on or before February 14, 2013.

    B.  Discovery [F.R.C.P. Rule 26(f)(3)(B)]

Subjects on which the parties currently anticipate the need for discovery include, but are not limited to, those listed below. The parties reserve the right to seek discovery on other topics that may be relevant to the issues in this case, as discovery unfolds and the parties' legal theories develop.

    1.  Plaintiff believes that discovery will need to be taken with regard to the following topics, among others:

        a.  The facts and circumstances surrounding the investigation, writing, designing, editing, fact checking, verification, approval and publication of the covers, articles, headlines and captions and issue;

        b.  The identity of the individuals responsible for investigating, writing, designing, editing, fact checking, vetting, approving and publishing the covers, articles, headlines and captions and issue;

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

16233-00094/1899357.5                    2                    JOINT RULE 26(f) REPORT

  c. The identity of Defendants' sources, and communications with those sources;

  d. Efforts made by Defendants to verify the accuracy of information provided by their sources;

  e. The relationship between and among Defendants;

  f. The relationship between Defendants and Bauer Media Group;

  g. Bauer's policies and practices with respect to publishing stories about Tom Cruise , Suri Cruise and Scientology or other minority religious groups;

  h. Bauer's history of bigotry and hatred toward minority religious groups and their members;

  i. Bauer's policies and practices with respect to obtaining information from sources, paying for sources, verifying the credibility of sources, and quoting sources with whom the writers and editors of stories have not spoken; and

  j. The circulation and readership of the publications at issue, and the effect of stories about Tom Cruise on Defendants' circulation, sales and readership.

  k. The basis of each of Defendants' defenses.

 2. Defendants believe that discovery will need to be taken with regard to the following topics, among others:

  a. Plaintiff's work, travel and social schedule in the relevant periods of time;

  b. The extent to which Plaintiff was in contact with his daughter Suri Cruise following his separation and divorce,

including the means of communication and contact;

c. The expectations for Plaintiff's contact and visitation schedule with Suri after his separation and divorce, including communications regarding such contact and visitation schedule and the terms of the divorce agreement;

d. Plaintiff's history of separations from his daughter;

e. The role, if any, that Plaintiff's membership in the Church of Scientology played in his decisions regarding his visitation and communications with Suri Cruise after his separation and divorce;

f. Plaintiff's and his agents' communications with Bauer concerning the articles at issue and other Bauer articles concerning Tom Cruise;

g. Plaintiff's claim and litigation history;

h. Suri Cruise's mental and emotional state following her parents' separation and divorce;

i. The basis for each of Plaintiff's allegations in the Complaint;

j. The basis for Plaintiff's claim that he has suffered damages as a result of the Defendants' publications.

3. The parties propose a discovery cutoff for non-expert discovery of October 13, 2013. The parties propose a discovery cutoff for expert discovery in accordance with F.R.C.P. 26(a)(2)(D).

4. The parties do not believe that discovery should be conducted in phases or limited to or focused upon particular issues.

  C. Electronic Discovery [F.R.C.P. Rule 26(f)(3)(C)]

The parties at this time do not anticipate any disputes relating to the disclosure or discovery of electronically stored information. The parties anticipate that they will be able to meet and confer in good faith, and agree to appropriate measures for the production of electronically stored information (*e.g.,* file formats that are subject of discovery, search protocols and terms, etc.), if any. In addition, each party represents that it has taken and will continue to take reasonable steps to preserve any discoverable information.

  D. Issues Relating to Claims of Privilege or Protection as Trial-Preparation Material [F.R.C.P. Rule 26(f)(3)(D)]

Based upon the discovery that Plaintiff has propounded, Defendants anticipate asserting the applicable shield law(s) and other privileges that protect the identification of confidential sources.

Based upon the discovery that Defendants have propounded, Plaintiff will object to Defendants' attempt to depose Plaintiff's litigation counsel in this action.

  E. Changes in Limitations on Discovery [F.R.C.P. Rule 26(f)(3)(E)]

The parties do not believe that any changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, or that any other limitations should be imposed at this time. The parties reserve the right to revisit this issue at a later date.

  F. Other Orders That Should be Entered By the Court Under Rule 26(c) or Rule 16(b) and (c) [F.R.C.P. Rule 26(f)(3)(F)]

The parties will attempt to reach agreement on a form of confidentiality/protective order with respect to confidential and private discovery material.

II. Information Requested Pursuant to Central District Local Rule 26-1

    A. Complex Cases (Rule 26-1(a))

The parties do not believe this case is sufficiently complex such that all or part of the procedures of the Manual for Complex Litigation should be utilized.

    B. Motion Schedule (Rule 26-1(b))

The parties propose that all dispositive or partially dispositive motions be heard no later than February 28, 2014. The parties will confer on a briefing schedule for any such motions that will provide more time for opposition and reply briefing than provided under Central District Local Rule 7.

    C. Settlement (Rule 26-1(c))

Should the case not settle 45 days before the Final Pretrial Conference, the parties request that "Settlement Procedure No. 3" be used (Rule 16-15.4, private dispute resolution proceedings).

    D. Trial Estimate (Rule 26-1(d))

The parties estimate that the trial will last 5 days. Plaintiff has requested a jury trial on all claims so triable.

    E. Additional Parties (Rule 26-1(e))

None at this time.

///
///
///
///
///
///

F.    Expert Witnesses (Rule 26-1(f))

The parties propose that expert witnesses be designated, and expert witness reports be disclosed, in accordance with F.R.C.P. 26(a)(2)(D).

DATED: February 14, 2013    GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s/ Aaron J. Moss
    AARON J. MOSS (SBN 190625)
    Attorneys for Plaintiff TOM CRUISE

DATED: February 14, 2013    DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV
ELIZABETH A. MCNAMARA (PRO HAC VICE)
DEBORAH A. ADLER (PRO HAC VICE)

By: /s/ Alonzo Wickers IV
    Alonzo Wickers IV (SBN 169454)
    Attorneys for Defendants
    BAUER PUBLISHING COMPANY, L.P., BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER, INC., and HEINRICH BAUER NORTH AMERICA, INC.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

16233-00094/1899357.5    7    JOINT RULE 26(f) REPORT