BERTRAM FIELDS (SBN 024199)
BFields@ggfirm.com
AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California  90067-4590
Telephone:  (310) 553-3610/Fax: (310)553-0687

Attorneys for Plaintiff

ALONZO WICKERS IV (SBN 169454)
alonzowickers@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800/Fax: (213) 633-6899

ELIZABETH A. McNAMARA (Pro Hac Vice)
lizmcnamara@dwt.com
DEBORAH A. ADLER (Pro Hac Vice)
deborahadler@dwt.com
DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230/Fax: (212) 489-8340

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CRUISE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BAUER PUBLISHING COMPANY, L.P. BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER, INC., HEINRICH BAUER NORTH AMERICA, INC., and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. **CV 12-09124 (DDP) (JCX)**<br><br>**DISCOVERY MATTER**<br><br>**STIPULATED PROTECTIVE ORDER**<br>[[Proposed] Order Granting Stipulated Protective Order Lodged Concurrently]<br><br>Action Filed:  October 24, 2012 |

1

Plaintiff Tom Cruise, on the one hand, and Defendants Bauer Publishing Company, L.P., Bauer Magazine L.P., Bauer Media Group, Inc., Bauer Inc., Heinrich Bauer North America, Inc. (collectively, the "Bauer Defendants"), on the other (the "Parties"), on the other hand, through their respective counsel of record in the above-captioned matter, hereby stipulate to entry of this Stipulated Protective Order ("Order") pursuant to Federal Rule of Civil Procedure 26(c)(1), Local Rule 79-5, and applicable decisional law regarding the treatment of confidential information.

### 1. **PURPOSES AND LIMITATIONS**

The Parties acknowledge that disclosure and discovery activity in this litigation is likely to include production of confidential, proprietary, trade secret or otherwise private information for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting and defending this matter) is warranted.  Thus, this Order is warranted and required to prevent and/or limit disclosure of such information and/or documents that have been and may be exchanged and/or produced in this case.  The Parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

### 2. **DEFINITIONS**

Except as otherwise expressly defined in this Order, the following definitions shall apply:

**2.1** **Disclosure or Discovery Material**.  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures, responses to discovery, or other requests for documentation in this matter.

**2.2** **"CONFIDENTIAL" Information or Items**. Information (regardless of

how generated, stored or maintained) or tangible things that constitute private records, trade secrets, or other confidential material, research, development, commercial, or protected information.  The use of the term CONFIDENTIAL in this Order shall be included under this definition.

**2.3** **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.**  Information that is CONFIDENTIAL and whose disclosure to another party would create a substantial risk of injury that could not be avoided by less restrictive means.

**2.4** **Receiving Party**.  A party that receives Disclosure or Discovery Material from a Producing Party.

**2.5** **Producing Party**.  A party that produces Disclosure or Discovery Material in this case.

**2.6** **Designating Party**.  A Party that designates information or items that it produces in disclosures or in responses to discovery or otherwise as "CONFIDENTIAL" Information or Items or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" Information or Items.

**2.7** **Protected Material**.  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" Information or Items or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" Information or Items.

**2.8** **Expert**.  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or his/her/its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**3.** **SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in this litigation or in other settings that

might reveal Protected Material.  Nothing in the Order shall be construed as requiring disclosure of documents, information, or any other materials that are privileged in nature, or subject to the attorney-client privilege or the attorney work-product doctrine, and/or documents, information or other materials that are, or may be claimed to be, otherwise beyond the scope of permissible discovery.

**4.     DURATION**

This order shall apply from the time it is entered, and shall survive the termination of this litigation.  Further, within five (5) court days from the issuance of a judgment in this matter, the parties agree to "meet and confer" in good faith to ensure that Protected Material does not become part of the public record and ensure that Protected Material is not impermissibly disclosed to third parties.

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1     Exercise of Restraint and Care in Designating Material for Protection.**     Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party must promptly notify all other parties that it is withdrawing the mistaken designation.

**5.2     Manner and Timing of Designations**.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced:

**(a)** **For information in documentary form** (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains Protected Material.

**(b)** **For testimony given in deposition or in other pre-trial proceedings**, that the Designating Party within thirty (30) days of the deposition, hearing, or other proceeding, shall designate and specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, the Designating Party may later identify within a reasonable period the specific portions of the testimony as to which protection is sought, and specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY").

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" as instructed by the Designating Party.

**(c)** **For information produced in some form other than documentary, and for any other tangible items**, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
DWT 21265156v1 0069628-000033

"CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

**5.3** **Inadvertent Failure to Designate or Disclosure**. Pursuant to the Federal Rule of Evidence 502(d), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Additionally, the parties recognize the possibility of inadvertent production of materials to which a party may make a claim of privilege or of protection from discovery as trial preparation material. The inadvertent production of such material shall not operate as a waiver of that privilege or protection and shall not operate as any subject matter waiver of that privilege or protection. The Receiving Party, on timely notification of the inadvertent production, must make reasonable efforts to assure that the material is returned to the Producing Party.

**5.4** **Challenging Other Party's Designation.** A party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto or constitute an admission that such designation was proper. If a party contends that any material is not entitled to "CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment, such party may give written notice to the party or non-party who designated the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be

resolved within seven (7) calendar days of the written notice described above, the party or non-party who designated the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have fourteen (14) calendar days from the receipt of such written notice to apply to the Court pursuant to Local Rule 37 for an order confirming the material should retain its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The material shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until that motion is decided by the Court.

### 6. ACCESS TO AND USE OF PROTECTED MATERIAL

**6.1   Basic Principles**. A Receiving Party may only use Protected Material that is disclosed or produced by another party in connection with this case for prosecuting and defending this litigation. Such Protected Material may be disclosed only to the Court and to the categories of persons described in this Order who are permitted access to such Protected Material. No other persons shall be provided with the Protected Material. When the litigation has been concluded, a Receiving Party shall comply with the provisions of Paragraphs 4 and 9 herein. Counsel for a Receiving Party which provides Protected Material to a permitted person specified below shall maintain a copy of the signed Exhibit A, Acknowledgment and Agreement To Be Bound.

**6.2   "CONFIDENTIAL" Information May Be Disclosed Only to the Following Persons:**

Protected Material designated as "CONFIDENTIAL" by a Designating Party may be disclosed **only** to the following persons:

   **(a)**   "Outside Counsel", which shall specifically be defined as attorneys, paralegals, and their staff who are employed by or members of the law firms currently retained by the parties to this action as indicated by the caption and all independent companies or agencies that

are directly engaged by Outside Counsel to perform litigation support services under the supervision of such counsel whose duties and responsibilities require access to the CONFIDENTIAL Information or Items.

**(b)** "In-House Counsel", which shall be defined as attorneys who are employees of a party and all independent companies or agencies that are directly engaged by inside counsel to perform litigation support services, paralegal assistants, stenographic, clerical or other staff working under the supervision of such counsel and managers and others charged with making strategic decisions, including regarding settlement, whose duties and responsibilities require access to the CONFIDENTIAL" Information or Items, and only after execution of Exhibit A hereto by that person.

**(c)** Experts (as defined in Paragraph 2.8 above) who have been retained to assist in preparation of this action for trial, and only after execution of Exhibit A hereto by that person.

**(d)** The parties and the employees, contractors, officers, directors and board members of the parties, and only after execution of Exhibit A hereto by that person.

**(e)** Any person whose testimony is taken in this litigation, provided that such person may only be shown copies of "CONFIDENTIAL" Information or Items during his or her testimony, and may not retain any "CONFIDENTIAL" Information or Items, and only after execution of Exhibit A hereto by that person.

**(f)** Any prospective witness and only after execution of Exhibit A hereto by that person, subject to the provisions in Section 6.4 below.

**(g)** Any other person by written agreement of the Designating

Party and only after execution of Exhibit A hereto by that person.

**(h)** The Court in this proceeding and the Court's clerical or other staff working under the Court's supervision, and any jury empanelled at trial in this action.

**6.3** **Information Designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" May Be Disclosed Only to the Following Persons**:

Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items by a Designating Party may be disclosed only to the following persons:

**(a)** Outside Counsel (as defined in Paragraph 6.2 above).

**(b)** In-House Counsel (as defined in Paragraph 6.2 above), and only after execution of Exhibit A hereto by that person.

**(c)** Experts (as defined in Paragraph 2.8 above) above who have been retained to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work, and only after execution of Exhibit A hereto by that person.

**(d)** Any person whose testimony is taken, provided that such person may only be shown copies of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information during his or her testimony, and may not retain any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information, and only after execution of Exhibit A hereto by that person.

**(e)** The Court in this proceeding and the Court's clerical or other staff working under the Court's supervision, and any jury empanelled at trial in this action.

**6.4** **Duty to Maintain "Protected Material" Securely.** Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures

9

that access is limited to the persons authorized under this Order. Nothing in this Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Material.

### 6.5 Presentation Of Protected Material To Court.

a. For any documents, pleadings, applications and/or motions submitted to the Court by any party, in connection with any proceeding other than a discovery motion, that attach, quote from, or refer to the substance of documents or materials containing or consisting of "CONFIDENTIAL Information or Items" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Information or Items," the submitting party shall present to the Court a written application and a proposed order demonstrating good cause along with the document(s) submitted for filing under seal in conformance with United States District Court for the Central District of California Local Rule ("Local Rule") 79-5.1. The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the documents containing the purported "CONFIDENTIAL Information or Items" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Information or Items" shall be submitted to the Court in separate sealed envelopes or other appropriate sealed containers with a copy of the title page attached to the front of each such envelope or container, and a statement substantially in the following form: "This envelope is sealed pursuant to [statute or rule], contains ["CONFIDENTIAL Information or Items" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY Information or Items"] and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."

b. Where filings under seal are explicitly authorized by statute or rule, the authority therefor shall appear on the title page of the proposed filing as required by Local Rule 79-5.1.

c. Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed, but shall be filed manually, and a

Notice of Manual Filing shall be electronically filed identifying the manually filed materials.

### 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY", the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) within a reasonable time period and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. This Order shall not be construed as requiring the Receiving Party to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the information at issue.

### 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or

persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  The Designating Party reserves all rights against the Receiving Party for its violations.  In the event any party or person violates or threatens to violate any term of this Order, any party may seek immediate injunctive relief against any such party or person violating or threatening to violate any term of this Order.

### 9.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) calendar days after the final termination of this litigation (including any appeals or court review), each Receiving Party, upon written request by opposing counsel, must return all Protected Material to the Producing Party.  As used in this subdivision, all Protected Material includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With express permission in writing from the Producing Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification under penalty of perjury to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty calendar day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain one archival copy of all pleadings, exhibits used in the litigation, motion papers, transcripts, legal memoranda, correspondence or attorney work-product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order.

### 10.   MISCELLANEOUS

**10.1   Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Each party expressly

acknowledges that such modifications may be necessary.  Further, each party expressly acknowledges that written modifications to this Order approved by the parties may be necessary as the case goes forward.

   **10.2** **Enforcement**.  Each party and person bound by this Order, including all those who have executed Exhibit A, agrees that the United States District Court for the Central District of California has jurisdiction to enforce the terms of this Order, and that such jurisdiction continues beyond the date this matter is concluded.  The United States District Court for the Central District of California shall retain jurisdiction over all parties and persons who have received Protected Material for the purpose of enforcing the provisions of the Order after the action is otherwise terminated, making such rulings and entering such orders as may be necessary to compel compliance and impose sanctions as the Court shall determine.  Should a dispute materialize concerning whether a person was improperly provided Protected Material, the party in possession of Exhibit A for that person shall provide it to the complaining party upon five (5) court days written notice.

/ / /

/ / /

/ / /

CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
DWT 21265156v1 0069628-000033

**10.3  Right to Assert Other Objections**.  By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  The parties specifically agree that they shall not use this Order to support a waiver argument in any discovery motion, or to argue that any party waived its objections to produce any particular documents or information.

**10.4  Effective Without Court Order**.  The parties agree to be bound by this Order pending the entry of this Order, or an alternative thereto which is satisfactory to the parties, by the Court, and any violation of this Order's terms shall be subject to the same sanctions and pena1ties as if this Order had been entered by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  March 6, 2013

| | |
|---|---|
| GREENBERG GLUSKER FIELDS CLAMAN &MACHTINGER LLP<br>BERTRAM FIELDS<br>AARON J. MOSS | DAVIS WRIGHT TREMAINE LLP<br>ALONZO WICKERS IV<br>ELIZABETH A. McNAMARA<br>DEBORAH A. ADLER |
| By: /s/ Aaron J. Moss<br>       Aaron J. Moss | By:  /s/ Alonzo Wickers IV<br>       Alonzo Wickers IV |
| Attorneys for Plaintiff<br>TOM CRUISE | Attorneys for Defendants<br>BAUER PUBLISHING COMPANY, L.P., BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER, INC., and HEINRICH BAUER NORTH AMERICA, INC. |

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CRUISE,<br>    Plaintiff,<br> vs.<br>BAUER PUBLISHING COMPANY, L.P. BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER, INC., HEINRICH BAUER NORTH AMERICA, INC., and DOES 1-10, inclusive,<br>    Defendants. | ) Case No. **CV 12-09124 (DDP) (JCX)**<br>)<br>) **ASSURANCE OF**<br>) **CONFIDENTIALITY**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

  I, _____, of _____ have read in its entirety and understand the Stipulated Protective Order ("Order") in the above-captioned litigation. I agree to comply with and to be bound by all the terms of this Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order. I fully understand that if I violate any provision of the Order, I will be subject to sanctions by the Court, in addition to any other remedies that a party may have. If I am not a party to this dispute, I agree that the Court may enforce this agreement at any time, including following the conclusion of this matter, and that an action may be brought in the United States District Court for the Central District of California to enforce the terms of this Order, and I submit to the jurisdiction of this Court.

  I hereby declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct of my own personal knowledge.

Dated: _____

Signature: _____

Full Name: _____

Address: _____

_____

Phone Number: _____