

Davis Wright
Tremaine LLP

27th Floor
1633 Broadway
New York, NY 10019-6708

Elizabeth A. McNamara
212 603-6437 tel
212 489-8340 fax

lizmcnamara@dwt.com

August 13, 2013

**Via Email and U.S. Mail**

Aaron Moss, Esq.
Greenberg Glusker Fields Claman
 & Machtinger LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067

    Re:    *Cruise v. Bauer Publishing*

Dear Aaron:

    I write in response to your August 5, 2013 letter regarding Bauer's responses to plaintiff's interrogatories, requests for admission, Rule 30(b)(6) deposition notices, and document productions.

**Confidential Sources**

    We do not agree that you have previously met and conferred with us regarding Bauer's assertion of its privileges to shield the identity of confidential sources. Up until this point, you have reserved your right to object and have indicated you were waiting for Bauer to complete its production of documents to evaluate the information Bauer obtained from confidential sources. When we indicated we would likely file a motion to compel documents and testimony that we believed plaintiff was improperly withholding as attorney-client privileged, you informed us then for the first time that you planned to file a motion regarding confidential sources concurrently, but never provided us with the basis or substance of your objections. We are not aware of what grounds you plan to challenge our assertion of the privilege, or which sources in particular you are seeking to reveal. Please do let us know.

**Responses to Interrogatories No. 6 and 19/ Requests for
Admission 1-5, 6-7, 8, 9, 14, 16, 17, 20-23**

    We understand that you premise your claim that Bauer improperly relied upon F.R. Civ. P. 33(d) in its response to Interrogatories 6 and 9 on the false proposition that you "have found no factual support for the statement that plaintiff abandoned his daughter" within Bauer's document production. Your insistence on understanding the word "abandoned" to mean only

DWT 22391657v1 0069628-000033

Anchorage   New York      Seattle
Bellevue    Portland      Shanghai
Los Angeles San Francisco Washington, D.C.

www.dwt.com

EXHIBIT 28

116

Aaron Moss, Esq.
August 13, 2013
Page 2

literal criminal abandonment is nonsensical. It is clear from your questions of two of Bauer's witnesses that you have looked carefully at Bauer's large production and must be aware of the numerous documents that substantiate Bauer's conclusion regarding Mr. Cruise's long and undisputed physical absence from his daughter's life. By way of representative example only, and without limitation, see Bauer 155, 265, 583, 853, 1477, 1622, 2052, 2603-2605, 3004, 3407, 3769, 3770, 4296-97, 4299-301, 4317-18, 4320, 4736, 8866, 9099, 9735, and 12362-63. See also by way of representative example only and without limitation Bauer's use of the term "abandoned" in a consistent manner at Bauer 13018, 13053-56, 13069-72, 13073-13076, 13079-82, 13088, 13153, 13158-162, 13163-65, 13166-168 and 13172.

Bauer's production also includes numerous documents that substantiate that "Suri in Tears" was a reference to multiple instances of her being visibly upset in public, as the July 30, 2012 issue of Life & Style reports, and was not limited to her being upset over a dog; that "Tom's Broken Promises to Suri" referred to his promise generally to see Suri frequently; and that Bauer notified plaintiff's PR agent in advance of its intent to publish the articles. Indeed, both plaintiff's production and Bauer's production include Heidi Parker's email to Amanda Lundberg, giving her almost a full week's notice that Bauer was planning on reporting that Tom Cruise was not with Suri on her first day of school and that it "seems he's moved on." Ms. Parker stated she was bouncing this off of Ms. Lundberg "before the story gets developed." See TC 20 and Bauer 1741.

### Response to Interrogatory No. 9

Bauer does intend to rely upon actions undertaken orally to check the accuracy of information contained in the articles, as well as documents, and will provide you with an amended response to this interrogatory.

### Response to Interrogatory No. 1

We can confirm that Dan Wakeford was ultimately responsible for the decision to use the word "abandoned" in the July 30, 2012 Life & Style article and October 1, 2012 In Touch article.

### Response to Interrogatories No. 10, 11 and 12

As you know, we believe that plaintiff's contentions regarding Bauer Media Group's involvement in the events underlying this action are entirely unfounded, and that plaintiff is attempting to improperly inject Bauer Media Group into this action for the sole purpose of allowing plaintiff to make inflammatory and unfounded statements about Bauer Media Group's German publications. You have provided no substantiation for your repeated contention that

DWT 22391657v1 0069628-000033

EXHIBIT 28

117

Aaron Moss, Esq.
August 13, 2013
Page 3

Bauer Media Group "has a long and sordid history of publishing articles critical of minority religions (including Judaism and Scientology)." Nor have you provided any substantiation that the publications actually at issue in this action have any such history. Not only did Bauer Media Group play no role in the reporting and publishing of the Articles at issue, but Bauer Media Group is not involved with Bauer Publishing Company and Bauer Magazine's editorial decisions generally and are not in the practice of sharing information prior to the information's publication. The extent to which the corporate entities may in some marginal way share resources or personnel is simply not relevant to this action.

Similarly, Plaintiff's repeated efforts to inject Heinz Heinrich Bauer or Yvonne Bauer into this action are utterly without merit. In addition to having no role in Bauer Publishing Company and Bauer Magazine's editorial and/or publishing decisions concerning the articles in suit, neither of these individuals plays any role in Bauer Publishing Company L.P. and Bauer Magazine L.P.'s editorial and/or publishing decisions generally. As we have repeatedly told you, and as discovery has confirmed, the notion that either of these individuals "encouraged or demanded Defendants' editors to write articles critical of Tom Cruise and/or Scientology" is unfounded in reality.

**Responses to Notice of Rule 30(b)(6) Deposition of Bauer Magazine L.P. and Bauer Publishing Company L.P.**

As you note, Bauer intends to provide a corporate designee to testify regarding each of the topics that you included in your notices. While you are correct that the designee will not waive Bauer's privilege regarding non-disclosure of the identities of Bauer's confidential sources, we do anticipate that he will offer some testimony generally regarding the topic of "YOUR COMMUNICATIONS with sources of the information contained in the ARTICLES," which is quite obviously far broader than simply the source's identities. Similarly, while Bauer will not waive its attorney-client privileged or work product privilege, we anticipate the designee will be able to offer some testimony generally regarding the topic of "The involvement of YOUR legal department, if any, in the approval of the ARTICLES for publication." In addition, depending on your questions at the deposition, Bauer may stand on its objections regarding the overbreadth, vagueness and lack of "reasonable particularity" of the areas of inquiry you include in your notices. Your notices include topics such as "YOUR internal COMMUNICATIONS CONCERNING the ARTICLES." As you know, Bauer produced thousands of pages of communications. This topic, and numerous others, lacks any meaningful particularity whatsoever. No corporate designee can be expected to be prepared to respond to any question that touches upon a topic as broad as this one.

DWT 22391657v1 0069628-000033

EXHIBIT 28

118

Aaron Moss, Esq.
August 13, 2013
Page 4

———————

In short, Bauer's corporate designee will attempt to satisfy your questions. If, after his testimony concludes, you believe he has not met his obligation, we will of course evaluate your concerns at that time and determine whether we need to provide any additional corporate witnesses regarding particularized and valid avenues of inquiry.

**Response to Notice of Rule 30(b)(6) Deposition of Bauer Media Group, Inc., Bauer, Inc. and Heinrich Bauer North America, Inc.**

We will agree to designate a Bauer Magazine L.P. or Bauer Publishing Company L.P. corporate representative to testify regarding the relationship between and among the five named defendants (from both an organizational and operations perspective), and expect that at that deposition's conclusion, you will withdraw the notices for deposition of the other three defendants, and dismiss them from the action.

**Bauer's Document Production**

Your claim that Bauer did not produce "a single email (or any other communications)," concerning the decision to use the word "abandoned" on the cover of Bauer's issues is simply in error. By way of example, and without limitation, see Bauer 8159, 8866 and 9078. To the extent that the decision to use the word "abandoned" was largely made orally and/or without a substantial amount of email correspondence, you are of course free to question Bauer's witnesses about that decision during depositions.

Sincerely yours,

*Elizabeth A. McNamara/DAA*

Elizabeth A. McNamara

DWT 22391657v1 0069628-000033

EXHIBIT 28

119