DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV (State Bar No. 169454)
 alonzowickers@dwt.com
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800/Fax: (213) 633-6899

DAVIS WRIGHT TREMAINE LLP
ELIZABETH A. McNAMARA (*Of Counsel*)
 lizmcnamara@dwt.com
DEBORAH A. ADLER (*Of Counsel*)
 deborahadler@dwt.com
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230/Fax: (212) 489-8340

Attorneys for Defendants
BAUER PUBLISHING COMPANY, L.P., BAUER
MAGAZINE L.P., BAUER MEDIA GROUP, INC.,
BAUER, INC., and HEINRICH BAUER NORTH
AMERICA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CRUISE,<br><br>       Plaintiff,<br><br>vs.<br><br>BAUER PUBLISHING COMPANY, L.P., BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER, INC., HEINRICH BAUER NORTH AMERICA, INC., and DOES 1-10, inclusive,<br><br>       Defendants. | Case No. **CV 12-09124 (DDP) (JCX)**<br><br>**THE BAUER DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER AND TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION**<br><br>**[DISCOVERY MATTER]**<br><br>Date: November 26, 2013<br>Time: 9:30 a.m.<br><br>Fact Discovery Cut-Off: Dec. 9, 2013<br>Pretrial Conference: June 2, 2014<br>Trial Date: June 10, 2014 |

BAUER DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER
DWT 22929072v1 0069628-000033
DWT 22929072v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Pursuant to Central District of California Local Rule 37-2.3, the Bauer Defendants submit this Supplemental Memorandum in Support of their Motion for a Protective Order and to Compel Responses to Requests for Production.

## I. THE RFAS AT ISSUE HAVE NO RELEVANCE AND ARE DESIGNED ONLY TO HARASS, OPPRESS AND ANNOY

This libel action is about Tom Cruise's repeated and extended absences from his daughter following his divorce from Katie Holmes. Recognizing that he has admitted as true the critical facts that informed the conclusions actually at issue in this action, Cruise attempts to divert attention to an irrelevant sideshow about a supposed "corporate-wide [Bauer] culture of bigotry" driven by pro-Nazi/anti-semitic/anti-Scientology biases. J.S. at 81. By doing so Cruise trivializes the Holocaust as he attempts to draw entirely unfounded analogies between the most serious of historical events and current entertainment news coverage about his divorce that only briefly touches on his Scientology religion.[1] It is an offensive conspiratorial endeavor that has nothing to do with this action or the Articles at issue.

The Bauer Defendants are all U.S. companies that operate in the U.S. and publish magazines in the U.S. Their ultimate corporate parent, commonly called the Bauer Media Group ("BMG"), is owned by the Bauer family and headquartered in Germany. Neither BMG nor any member of the Bauer family is a party to this action or had any involvement in publishing the Articles at issue. Nevertheless, Cruise charges that over the course of BMG's 138 year history, other entities associated with BMG's worldwide operations and unnamed members of the Bauer family made statements or held views that he claims are anti-semitic or pro-Nazi. From this, and this alone, Cruise extrapolates that BMG and the Bauer family have

---

[1] Cruise's inability to perceive any boundaries to logic or taste is perhaps best exemplified in footnote 19 of the Joint Stipulation. There, Cruise rejects Dan Wakeford's observation that it is "ludicrous" to suggest that Bauer had an anti-semitic/pro-Nazi culture because they have a large number of Jewish and gay employees. Cruise analogizes Wakeford's argument to "a plantation owner claiming 'I'm no racist. Everyone picking my cotton is black!'" J.S. at 85.

1
BAUER DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
DWT 22929072v1 0069628-000033
DWT 22929072v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

an "anti-minority religion" bias (and are therefore anti-Scientology) and claims that BMG caused this supposed pro-Nazi/anti-Scientology message to filter across the Atlantic to *Life & Style* and *In Touch*, resulting in the coverage at issue in this action. Cruise's entire theory for requiring a response to these harassing and odious RFAs is without any evidentiary support, suffers from innumerable logical and evidentiary flaws and should not be permitted by the Court.

*First*, despite thousands of documents exchanged and nine depositions of Bauer Defendant witnesses, Cruise identifies *no evidence* that the editors of *Life & Style* or *In Touch Weekly* received any direction, direct or implicit, biased or otherwise, from BMG or a Bauer family member regarding reporting on Cruise or Scientology. To the contrary, the undisputed evidence establishes that BMG and the Bauer family play no role in the editorial content of the magazines: "I cannot think of a time when a Bauer family member have mentioned a celebrity's name, let alone Tom Cruise's name. They have never mentioned the name Scientology." McNamara Decl., Ex. 13, at 216:22-217:4. Cruise's thesis that BMG or the Bauer family somehow implicitly communicated supposed biases rests on nothing more than abstract statements that the company "has a corporate culture" and that it is "logical to assume" that executives "hew to that culture" or a single news article where a Bauer U.K. business executive noted in passing that the Bauer family is involved in business strategies around the world. J.S. at 85-87.[2] Yet, these scraps have nothing to do with demonstrating that BMG and the Bauer family impose an "anti-minority religion culture," have ever communicated such a message or that the U.S. editors were otherwise aware of it and understood that they were expected to adhere to this "culture".

---

[2] Cruise ignores Wakeford's repeated testimony explaining that the Bauer family is "not involved on a day-to-day basis of the magazines, per se. They're involved in the business: The numbers, the strategy. . . ." McNamara Decl., Ex. 13, 215:16-216:11. Nor does Cruise explain – because he cannot – why he studiously avoided asking questions of the nine Bauer witnesses that would have revealed whether the imagined pro-Nazi culture actually existed.

2

BAUER DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

DWT 22929072v1 0069628-000033
DWT 22929072v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    *Second,* Cruise does not even establish that BMG in fact harbors any anti-
2    Scientology bias that could have been communicated to the Bauer Defendants.  To
3    support his statement that "over the years" BMG has "not been subtle about its
4    feelings regarding Scientology," Cruise relies on *one article* published in Germany in
5    1973 (over thirty years before *In Touch* or *Life & Style* even existed).  J.S. at 82.  But
6    incredibly, even this one piece of "evidence" was held non-defamatory as a matter of
7    law by a German court, and the U.S. lawsuit Cruise references regarding that article
8    was similarly dismissed along with identical lawsuits filed in California and New
9    York.  *See Founding Church of Scientology of Washington, D.C. v. Verlag*, 536 F.2d
10   429, 431-32, n.4 (D.C. Cir. 1976); Galsor Decl., Ex. 1.  Cruise has not provided a
11   shred of evidence beyond this forty year old article to substantiate that BMG, let
12   alone the Bauer Defendants, holds anti-Scientology views.[3]

13   At bottom, Cruise has produced no evidence to support the very foundation for
14   his RFAs:  that BMG and the Bauer family harbor anti-semitic/ anti-Scientology
15   views that were explicitly or implicitly communicated to the editors of *Life & Style*
16   or *In Touch*.  Absent that foundation, the RFAs' entire line of inquiry concerning
17   Nazis, anti-semitism, pornography, and Scientology is palpably offensive and
18   harassing.  *See, e.g., Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007)
19   (Rule 36 "is not to be used in an effort to harass the other side . . . .").  Nor does
20   Cruise provide any legal basis for requiring the Bauer Defendants to hunt down

---

[3] Cruise is free to rely on internal emails that he claims suggest some anti-Scientology bias on the part of the Bauer Defendants – a conclusion the emails do not support – but such emails do not in any way justify these harassing RFAs directed at BMG, the entire Bauer Family, and unnamed foreign entities associated with BMG. J.S. at 79-81.  Tellingly, in his zeal to ascribe the reporting at issue to an anti-Scientology bias emanating from Germany, Cruise dismisses the indisputable fact that a broad swath of the media coverage of his divorce during the same time period was nearly identical to that of the Bauer Defendants as indicating only that "Scientology is a target for widespread discrimination."  J.S. at 81; *see* McNamara Decl., Exs. 32-45.  If true, then Cruise need not look to implied directives from Germany to explain the Articles at issue; he has a ready-made generic prejudice to rely on.

3

BAUER DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER

DWT 22929072v1 0069628-000033
DWT 22929072v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

innumerable undefined entities or unnamed members of the Bauer family with some tangential relationship to BMG to determine the answers he seeks. Put simply, the Bauer Defendants do not possess the actual legal control over these people or entities that would even trigger a duty to inquire. *See U.S. ex rel. Englund v. Los Angeles Cty.*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("reasonable inquiry" is limited to people and entities over which a party has "actual control"). Cruise cites no case where a party was required to obtain information from a parent company, let alone dozens of unnamed individuals who are or were part of the family that owns the parent or other media entities with some tangential relation to the parent.[4] Though Cruise now tries to cabin the meaning of "Bauer Family" to "those members of the family in leadership roles and/or those who would be in a position to know the requisite information" – a definition that remains boundless – he does not even attempt to explain the meaning or reach of the terms "Bauer Publication" or "Bauer Outlet." J.S. at 91. While Cruise may be surprised to learn that such an investigation would be well beyond the reasonable inquiry contemplated by Rule 36, responding to his RFAs would require far more than simply placing a telephone call or two as he disingenuously suggests.[5] J.S. at 91.

## II. THE DOCUMENT REQUESTS ARE NECESSARY ONLY IF THIS SIDESHOW IS PERMITTED TO CONTINUE

Cruise mischaracterizes the Bauer Defendants' position on its motion to compel by conjuring inconsistencies where none exist. Cruise contends that the

---

[4] Even the RFAs Cruise cites as exemplars of appropriately framed requests lack any direction and would obligate the Bauer Defendants to admit statements that require far reaching investigation into the unknown and unknowable. J.S. at 84. These RFAs ask the Bauer Defendants to admit that any "Bauer Publication" or "Bauer Outlet" ever issued "editorial content in favor of" laws "restricting . . . activities of Scientologists in Germany," or "espoused the view" that Scientology is a "cult" and should be barred in Germany. *See* McNamara Decl., Ex. 3, RFAs 73, 78, and 79.

[5] Similarly, his repeated assertion that a website was taken down by an entity with some unspecified connection to BMG or a member of the Bauer family in no way proves that the Bauer Defendants had anything to do with that event.

4

BAUER DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

DWT 22929072v1 0069628-000033
DWT 22929072v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Bauer Defendants should not be allowed to obtain documents to "defend" the Bauer Family while at the same time refusing to make inquiry of the Bauer Family. But, the Bauer Defendants do not seek this evidence to defend the Bauer Family; they seek this evidence to defend the *Bauer Defendants*. If produced, the evidence will no doubt further demonstrate that Cruise's lawyers ginned up this entire false pro-Nazi, anti-semitic, anti-Scientology narrative to tar the Bauer Defendants. *See*, *e.g.*, McNamara Decl., Ex. 25. Should a word of these theories be allowed in this case,[6] the Bauer Defendants are most certainly entitled to be armed with evidence further demonstrating that this storyline was created out of whole cloth by Cruise's lawyers.

### III.   CONCLUSION

In light of the foregoing, the Court should grant the Bauer Defendants' Motion for a Protective Order and Motion to Compel, and should order Cruise to pay all expenses incurred in bringing this motion.

DATED: November 12, 2013

DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV
ELIZABETH A. McNAMARA (*Of Counsel*)
DEBORAH A. ADLER (*Of Counsel*)

By:   /s/ Elizabeth A. McNamara
         Elizabeth A. McNamara

Attorneys for Defendants
BAUER PUBLISHING COMPANY, L.P., BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER, INC., and HEINRICH BAUER NORTH AMERICA, INC.

---

[6] His lawyers have made clear that Cruise does not "waiv[e] his right to introduce evidence at trial of Bauer's long record of bigoted publications and practices." McNamara Decl., Ex. 27. Further, Cruise's contention that his withdrawal of the 16 RFAs was not conditioned upon Defendants' answering the remaining requests is belied by the express language of his letter. *Id.*

5
BAUER DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER
DWT 22929072v1 0069628-000033
DWT 22929072v1 0069628-000033

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899