1  BERTRAM FIELDS (SBN 024199)
   BFields@ggfirm.com
2  AARON J. MOSS (SBN 190625)
   AMoss@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California  90067-4590
5  Telephone:  310.553.3610
   Fax:  310.553.0687
6
7  Attorneys for Plaintiff
   TOM CRUISE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CRUISE,<br><br>             Plaintiff,<br><br>v.<br><br>BAUER PUBLISHING COMPANY L.P., BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER, INC., HEINRICH BAUER NORTH AMERICA, INC. and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.  CV12-09124 DDP (JCx)<br><br>*Assigned To:  Hon. Dean D. Pregerson*<br>*Hon. Mag. Jacqueline Chooljian*<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFF TOM CRUISE'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO ADMIT THEY HAD NO SOURCES FOR THEIR MAGAZINE COVER HEADLINES; OR, IN THE ALTERNATIVE, TO COMPEL DEFENDANTS TO REVEAL THOSE SOURCES AND, UPON REFUSAL, FOR A "NO SOURCE" PRESUMPTION**<br><br>Date:       November 26, 2013<br>Time:       9:30 a.m.<br>Crt Rm:    20<br><br>Action filed: October 24, 2012<br>Fact Discovery Cut-Off: Dec. 9, 2013<br>Pretrial Conference: June 2, 2014<br>Trial Date: June 10, 2014 |

16233-00094/1995979.3

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM TO MOTION TO COMPEL

## I. INTRODUCTION

In moving to compel Defendants to admit they had no sources for their defamatory headlines, Plaintiff is trying to get a straight answer to a simple question. Defendants are intent on engaging in gamesmanship and word play.

On the same day that they submitted their portion of the Joint Stipulation to Plaintiff (and two weeks after receiving Plaintiff's portion), Defendants served amended responses to the requests for admission and interrogatories at issue in this motion. As discussed in the Joint Stipulation, Defendants refused to admit that they had no sources for their assertions that Plaintiff's daughter Suri had been "Abandoned" by Plaintiff – but objected when asked to identify those sources. Moss Decl., Exh. S at 78-79 (RFA Nos. 22, 23); Exh. U at 91-92 (Interrogatory Nos. 20, 21). In their amended responses, Defendants assert that their editors formed a "conclusion" and "opinion" that Suri "felt" abandoned, but concede that no "confidential" source used the word "abandoned." McNamara Decl., Exh. 3 at 33-34; Exh. 4 at 41-43.

Defendants' eleventh hour amendment – really an admission disguised as a denial – is far from the good faith response that the Federal Rules require. It has become apparent that Defendants had no actual source for their cover headlines, and are simply engaging in semantic word games instead of interpreting the requests in a reasonable manner. Defendants should be ordered to admit the requests at issue or else the Court should issue the "no source" presumption requested in Plaintiff's motion.

## II. RESPONSES TO REQUESTS FOR ADMISSION MUST FAIRLY MEET THE SUBSTANCE OF THE REQUESTS.

While purporting to deny Plaintiff's requests for admission, Defendants have offered only equivocal and improperly qualified responses. This is prohibited by Federal Rule of Civil Procedure 36, which expressly provides that "[a] denial shall

16233-00094/1995979.3   1   PLAINTIFF'S SUPPLEMENTAL MEMORANDUM TO MOTION TO COMPEL

fairly meet the substance of the requested admission." *See also* F.R.C.P. 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond").

Defendants' responses evade the substance of Plaintiff's requests in several different ways:

A.  Defendants Have Limited Their Responses To "Confidential" Sources.

Plaintiff's requests seek Defendants' admission that they did not have "a source" for their headline statements. Defendants' amended responses, on the other hand, assert that "no *confidential* source" used the word "abandoned." There is simply no basis for Defendants to artificially limit the requests in this manner.

Plaintiffs RFA's were not confined to confidential sources. Plaintiff's motion focused on these types of sources because Defendants originally refused to answer Plaintiff's interrogatories on the ground that this would reveal confidential source information protected by the journalists' privilege. However, now that Defendants have responded to the Motion, it is clear that they had no sources – confidential or otherwise – that actually supplied the defamatory headlines at issue. Therefore, it appears that there are no confidential sources to identify.

But the equivocal amended responses suggest that Defendants are nevertheless attempting to leave the door open to later assert that some *non-*confidential source told them that Suri had been "Abandoned By Her Dad" or "Abandoned By Daddy." Federal discovery is designed to avoid such trial surprises. *See*, e.g., *Bynum v. Metro. Transp. Auth.,* 2006 U.S. Dist. LEXIS 98617 (E.D.N.Y. Nov. 21, 2006) ("The whole purpose behind the liberal discovery afforded by the Federal Rules of Civil Procedure is to avoid surprise and trial by ambush.")

16233-00094/1995979.3

2

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM TO MOTION TO COMPEL

### B. Defendants Have Limited Their Responses To How They Believe Suri Was Feeling.

The cover headlines do not state that Suri Cruise was "feeling" abandoned by her dad. However, Defendants contend that this is what the headlines mean, and have attempted to limit their responses to that interpretation – while refusing to admit that they had no source for the assertion that Suri was actually abandoned by Plaintiff.

Defendants are certainly free to argue that their cover headlines are mere "opinions" of how Suri was feeling in the wake of her parents' divorce. Plaintiff is likewise entitled to demonstrate that any reasonable reader would interpret Defendants' headlines as conveying a verifiable statement of fact about Plaintiff's conduct. Indeed, Plaintiff has already submitted survey evidence to Defendants showing that a majority of readers in fact interpreted the headlines "Abandoned By Daddy" and "Abandoned By Her Dad" as conveying the message that Plaintiff cut Suri out of his life altogether and on a permanent basis – i.e., that he had severed his relationship with her and they no longer had any contact whatsoever. Conversely, less than 4% of readers understood the covers to communicate anything about Suri's feelings.

Of course, the issue of defamatory meaning will be resolved another day, not in connection with this discovery motion. It is improper for Defendants to respond to Plaintiff's request in an incomplete or evasive manner that simply assumes that *their* legal position will ultimately carry the day. Defendants have no evidence that any source – confidential or otherwise – said that Suri was actually abandoned by her father, and should be required to admit this.

### C. Defendants Have Limited Their Responses To The Particular Word "Abandoned".

Defendants' amended responses state that no confidential source used the

"word" abandoned.  By limiting their response to this one particular word, Defendants try to leave the door open to later assert that some unidentified source told them that Plaintiff had "deserted" Suri, "severed ties" with Suri, "cut off his relationship" with Suri, "given Suri up" – or any concept synonymous with "abandoned" – to convey that Plaintiff had intentionally and permanently abdicated his parental responsibilities to his daughter.

Plaintiff has attempted to get the information to which he is fairly entitled in every possible way, only to be shut down at every turn.  Defendants claim that their answer to the later-served RFA No. 24 renders the earlier requests moot.  They ignore that their response to Request 24 evades the question in precisely the same way as the others.  This request asked Bauer to admit that no source communicated to Bauer that Tom Cruise *had abandoned* Suri.  Defendants' response was not only limited to a recitation of why Bauer's editors concluded that Suri *felt* abandoned, but was also limited to sources who used the precise word "abandoned."  McNamara Decl., Exh. 1 at 14-15; Exh. 2 at 24.

Plaintiff is simply attempting to learn, in advance of trial, the basis for Defendants' headlines.  As discussed in the Joint Stipulation, this motion could have been avoided altogether had Defendants agreed to provide a complete list of the evidence on which they may rely at trial as the basis for their assertions.  Joint Stipulation at 26; Moss Decl., Exh. "O."  But they refuse.  Moss Decl., Exh. "P."

Defendants appear to have no source who stated, in words or substance[1], that Suri was abandoned by her father, as their headlines claimed.  If Defendants indeed have no such source, they should be required to admit this now.  They will still be

---

[1]  Defendants claim that they don't understand what Plaintiff means by "in substance."  Plaintiff is simply requesting that if Defendants have a source that communicated – in words, gist, or meaning – that Plaintiff cut ties with Suri, they disclose this now, and if they don't, they admit this now.  Defendants' entire opposition is an exercise in obfuscation.

16233-00094/1995979.3                              4                        PLAINTIFF'S SUPPLEMENTAL
                                                                            MEMORANDUM TO MOTION TO
                                                                            COMPEL

1  free to argue that they formed the "conclusion" or "opinion" that Suri was "feeling"
2  abandoned, while at the same time giving Plaintiff the assurance that he will not be
3  ambushed at trial with new evidence or testimony.

### III. DEFENDANTS' SHOULD BE ORDERED TO ADMIT THE REQUESTS.

F.R.C.P. 36 provides that "If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served." *See also U.S. ex rel. Englund v. Los Angeles Cty.*, 235 F.R.D. 675, 683-84 (E.D. Cal. 2006). Defendants have already amended their answers, but they still have not properly answered the questions. The requests should be deemed admitted, or else the Court should order the "no source" presumption requested by Plaintiff. Joint Stipulation at 56-58.

DATED: November 12, 2013             GREENBERG GLUSKER FIELDS
                                     CLAMAN & MACHTINGER LLP


                                     By: /s/ Aaron J. Moss
                                         AARON J. MOSS (SBN 190625)
                                         Attorneys for Plaintiff TOM CRUISE

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590