1  DAVIS WRIGHT TREMAINE LLP
2  ALONZO WICKERS IV (State Bar No. 169454)
     alonzowickers@dwt.com
3  865 South Figueroa Street, 24th Floor
4  Los Angeles, California  90017-2566
   Telephone:  (213) 633-6800/Fax:  (213) 633-6899
5
6  DAVIS WRIGHT TREMAINE LLP
   ELIZABETH A. McNAMARA (*Of Counsel*)
7    lizmcnamara@dwt.com
8  DEBORAH A. ADLER (*Of Counsel*)
     deborahadler@dwt.com
9  1633 Broadway, 27th Floor
10 New York, New York 10019
   Telephone:  (212) 489-8230/Fax:  (212) 489-8340
11
12 Attorneys for Defendants
   BAUER PUBLISHING COMPANY, L.P., BAUER
13 MAGAZINE L.P., BAUER MEDIA GROUP, INC.,
14 BAUER, INC., and HEINRICH BAUER NORTH
   AMERICA, INC.
15
16                UNITED STATES DISTRICT COURT
17                CENTRAL DISTRICT OF CALIFORNIA
18 TOM CRUISE,                        ) Case No. **CV 12-09124 (DDP) (JCX)**
19                                     )
                        Plaintiff,     )
20                                     ) *Assigned to Hon. Dean D. Pregerson*
        vs.                           )
21                                     ) **DEFENDANTS' APPLICATION FOR**
   BAUER PUBLISHING COMPANY,          ) **FEES AND COSTS**
22 L.P. BAUER MAGAZINE L.P.,          )
   BAUER MEDIA GROUP, INC.,           ) **[F.R.C.P. 26(c)(3) and 37(a)(5)(A)]**
23 BAUER, INC., HEINRICH BAUER        )
   NORTH AMERICA, INC., and DOES      )
24 1-10, inclusive,                   )
                                       ) Action filed:  October 24, 2012
25                     Defendants.     ) Trial date:  June 10, 2014
                                       )
26
27
28

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**INTRODUCTION**

The Court has ordered Plaintiff to pay 50% of Defendants' reasonable attorneys' fees and costs attributable to litigation of Defendants' Motion for a Protective Order.  Accordingly, Defendants now seek an award of $35,652.38 in attorneys' fees, and $865.19 in costs, for a total of $36,517.57, which represents 50% of their attorneys' fees and costs attributable to litigation of Defendants' Motion for a Protective Order.  These fees are reasonable, given the hourly rate that Defendants' counsel charges, and the number of hours Defendants' counsel worked, particularly in light of the fact that virtually all of the time occurred after Defendants specifically warned Plaintiff that if he refused to withdraw his improper RFAs, Defendants would be entitled to reasonable attorneys' fees and costs for moving for a protective order.

**I.**

**THE AMOUNT OF DEFENDANTS' REQUESTED FEE AND COST AWARD IS REASONABLE.**

The usual starting point for determining a reasonable fee award is the "lodestar" – "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Fishel v. Equitable Life Assurance Society*, 307 F.3d 997, 1006 (9th Cir. 2002).[1] "There is a strong presumption that the lodestar figure represents a reasonable fee.

---

[1] In calculating the lodestar figure, courts should consider, if applicable:

(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fishel*, 307 F.3d at 1007 n.7.  In this motion, Defendants evaluate only those factors which are most relevant to this case.

1   Only in rare instances should the lodestar figure be adjusted on the basis of other
2   considerations." *Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996)
3   (citation omitted).[2]

4       The Declaration of Elizabeth A. McNamara in Support of Defendants'
5   Application for Fees ("McNamara Decl.") and Exhibit A detail the time spent by
6   Defendants' counsel.  Exhibit A consists of billing statements sent, or to be sent, to
7   Defendants by Defendants' counsel, Davis Wright Tremaine LLP, which either have
8   been paid or represent outstanding obligations.  *See* McNamara Decl., ¶ 2.  These
9   statements include a daily time record for each timekeeper on this matter for work
10  performed during the months of September 2013, October 2013 and November 2013.
11  All entries reflecting other work performed on this matter have been redacted.  The
12  time spent was reasonably necessary to litigate Defendants' motion for a protective
13  order. These statements also include a record of Defendants' costs of online legal
14  research associated with the motion for protective order.

15  **A. The Rates Charged Are Reasonable Given Defense Counsels' Experience
16      And Qualifications.**

17      Reasonable hourly rates are calculated according to the prevailing market rates
18  in the relevant community.  *See Blum v. Stenson*, 465 U.S. 886, 895 (1984).  In *Love*
19  *v. Mail on Sunday*, Case No. CV 05-7798 ABC, 2007 U.S. Dist. LEXIS 97061, *25
20  (C.D. Cal. Sept. 7, 2007), a case decided more than six years ago, the district court
21  awarded attorneys' fees to defendants on claims at rates between $305 to $690 per
22  hour based upon the individual attorney's years of experience.  The court found that
23  "[t]hese rates are consistent with the rates typically charged by other highly-regarded

24

25          [2] "Initially, the fee applicant bears the burden of documenting the appropriate hours
26  expended in litigation and must submit evidence in support of those hours worked." *Common
    Cause v. Jones*, 235 F. Supp. 2d 1076, 1078 (C.D. Cal. 2002) (citations omitted).  "The party
27  opposing the fee application has a burden of rebuttal that requires submission of evidence to the
    district court challenging the accuracy and reasonableness of the hours charged or the facts asserted
28  by the prevailing party in submitted affidavits." *Id.* at 1079 (citations and quotations omitted).

DEFENDANTS' APPLICATION FOR FEES AND COSTS
DWT 23026520v1 0069628-000033

southern California law firms for similar work by attorneys of comparable experience." *Id.* Defendants are seeking reimbursement of the fees incurred for the attorneys and paralegal who handled the legal work: These attorneys' billing rates for the relevant time period are reflected in the following chart:

| Timekeeper | Hourly Rate |
|---|---|
| 1.  Elizabeth A. McNamara (Partner) | $576.00 |
| 2.  Deborah Adler (Associate) | $436.50 |
| 3.  Jeremy Chase (Associate) | $351.00 |
| 4.  Megan Duffy (Paralegal) | $207.00 |

These rates are justified by the qualifications of the attorneys, and are consistent with rates charged by attorneys with similar qualifications at other firms. *See* McNamara Decl., ¶ 5; Exh. B.  As set forth in the McNamara Declaration and Exhibit B (with bios of the attorneys), defense counsel are experienced defamation litigators and enjoy excellent reputations in the media litigation field.  Moreover, these rates include a significant discount that the firm offers to the Bauer Defendants of 10% off the attorneys' standard fees. *See id.*, ¶ 5.

**B. The Number of Hours Worked Was Reasonable.**

The work performed in connection with litigating the motion for a protective order was reasonable.  Defendants' litigation team billed a total of 165.2 hours on this motion – 48.2 hours by Ms. McNamara, 40.9 hours by Ms. Adler, 69 hours by Mr. Chase, and 7.1 hours by Ms. Duffy.

Defendants note that as early as September 24, 2013, just five days after Plaintiff served the RFAs on Defendants, and before virtually any of the above-described hours were worked, Defendants wrote Plaintiff and warned that "If you will not agree to withdraw these Requests, we will seek a protective order from the Court pursuant to Rule 26(c)(1), *as well as our reasonable expenses, including*

4

*attorney's fees, in preparing the motion, pursuant to Rule 26(c)(3)."  See* Declaration of Elizabeth A. McNamara in Support of the Bauer Defendants' Motion for Protective Order (Docket No. 27) Exh. 26 (emphasis added) at 1.  In that same letter, Defendants included case law for the proposition that they would be entitled to expenses and attorneys' fees if Plaintiff refused to withdraw his improper RFAs.  Despite this effort, Plaintiff refused to do so.  *See id*, at 4-5.

As a result of Plaintiff's refusal to withdraw the RFAs, these hours were reasonably necessary to litigate Defendants' response to Plaintiff's harassing and improper RFAs, and can be divided into the following categories:

| Task | Number of Hours |
| --- | --- |
| Draft responses to Plaintiff's 66 requests for admission and confer with the client regarding factual investigation to determine what information is in the Defendants' possession or could reasonably be obtained | 20.9 |
| Engage in the meet and confer process, which included researching the standard for protective orders and case law involving discovery requests that are harassing and improper, researching whether any obligation exists to obtain information outside the Defendants' possession, the preparation of numerous letters and emails summarizing research, efforts to negotiate potential resolutions of the conflict, and otherwise conferring | 39 |

| Task | Number of Hours |
|---|---|
| with opposing counsel in a good faith and lengthy effort to resolve the dispute without Court intervention | |
| Research and draft Defendants' sections of the Joint Stipulation, which consisted of 74 pages before the addition of Plaintiff's sections, and draft and prepare Defendants' supporting declaration, which attached 51 exhibits, many of which were obtained through a significant amount of research into reporting on Plaintiff and Scientology by other news organizations | 79.3 |
| Research and draft Defendants' Supplemental Reply | 18 |
| Ms. McNamara's preparation for and attendance at the oral argument | 8 |

Based upon the hourly rates and number of hours worked by defense counsel, the total fees incurred would be reasonable to award.  This makes the Court's ruling that Defendants are entitled to 50% of that fee amount even more reasonable.

## CONCLUSION

The Court has already determined that Plaintiff should pay 50% of Defendants' attorneys' fees and costs attributable to litigation of Defendants' Motion for Protective Order, all of which are reasonable.  Plaintiff and other would-be plaintiffs should be deterred from filing harassing and improper discovery requests.

DEFENDANTS' APPLICATION FOR FEES AND COSTS
DWT 23026520v1 0069628-000033

1    For these reasons, the Court should award Defendants $35,652.38 in attorneys' fees,

2    and $865.19 in costs, for a total of $36,517.57

3

4    DATED: December 3, 2013         DAVIS WRIGHT TREMAINE LLP
                                               ALONZO WICKERS IV

5                                         ELIZABETH A. McNAMARA (*Of Counsel*)
                                        DEBORAH A. ADLER (*Of Counsel*)

6

7                                      By:       /s/ Elizabeth A. McNamara

8                                              Elizabeth A. McNamara

9                                      Attorneys for Defendants
                                        BAUER PUBLISHING COMPANY, L.P.,

10                                     BAUER MAGAZINE L.P., BAUER MEDIA
                                    GROUP, INC., BAUER, INC., and HEINRICH

11                                     BAUER NORTH AMERICA, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7