1  BERTRAM FIELDS (SBN 024199)
   BFields@ggfirm.com
2  AARON J. MOSS (SBN 190625)
   AMoss@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS CLAMAN &
   MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California  90067-4590
5  Telephone:  310.553.3610
   Fax:  310.553.0687
6
7  Attorneys for Plaintiff
   TOM CRUISE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM CRUISE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BAUER PUBLISHING COMPANY L.P., BAUER MAGAZINE L.P., BAUER MEDIA GROUP, INC., BAUER, INC., HEINRICH BAUER NORTH AMERICA, INC. and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | Case No.  CV12-09124 DDP (JCx)<br><br>*Assigned To:  Hon. Dean D. Pregerson*<br><br>**PLAINTIFF TOM CRUISE'S RESPONSE TO THE BAUER DEFENDANTS' APPLICATION FOR FEES AND COSTS**<br><br>Action filed:　October 24, 2012<br>Trial date:　　June 10, 2014 |

1    Defendants' claimed fees of over $72,000 in connection with a single motion
2  for protective order are grossly excessive – as is the 50% of those fees that they
3  seek to recover from Plaintiff.  The majority of the more than 165 hours Defendants
4  claim to have spent was devoted to tasks that were entirely unnecessary to the
5  litigation or resolution of the motion.  Defendants' attempt to pass these fees onto
6  Plaintiff should be rejected.
7    Defendants have divided their requested fees into several categories.
8    In the first category, they claim 20.9 hours devoted to drafting responses to
9  Plaintiff's requests for admission.  This time should be excluded altogether.   None
10  of the tasks in this category were "attributable to the litigation of the motion" (*See*
11  November 26, 2013 Court Order at 2) and therefore do not qualify for
12  reimbursement under the terms of the Court's order.  However, even if the fees
13  were recoverable, given that Defendants simply asserted identical boilerplate
14  objections to those requests for which they sought a protective order, the vast
15  majority of this time was spent answering requests to which no objection was made
16  (i.e., Nos. 25-30 and 80-90).   Fees that Defendants incurred in answering requests
17  that were not at issue in their motion for protective order should clearly not be
18  borne by Plaintiff.
19    Defendants also claim nearly forty hours incurred in connection with the
20  meet and confer process.  While the parties certainly engaged in substantial efforts
21  to avoid court intervention of this motion, 39 hours is excessive.  The vast majority
22  of these hours appears to be attributable, not to actual meet and confer, but to
23  researching case law and drafting legal arguments.  The cases cited and arguments
24  made by Defendants in their meet and confer correspondence were the same cases
25  and arguments repeated later in their portion of the joint stipulation.  If these
26  research hours are claimed in connection with the meet and confer category, they
27  should not also be claimed in connection with the joint stipulation.
28    Defendants' "Joint Stipulation" category claims nearly 80 hours of research

16233-00094/2005887.2           2           PLAINTIFF'S RESPONSE TO
                                              DEFENDANTS' APPLICATION FOR
                                              FEES AND COSTS

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

and drafting. This is excessive under any standard. As noted above, the legal research claimed in this category is duplicative of that claimed in connection with the meet and confer category. Defendants also claim "a significant amount of research into reporting on Plaintiff and Scientology by other news organizations."

This latter "research" was in support of a section of Defendants' Joint Stipulation that that was completely irrelevant to the resolution of the motion for protective order. In that section, Defendants wrote:

> Cruise's theory that a pro Nazi/anti Semitic/anti Scientology conspiracy among the Bauer family members in Germany caused the reporting about him in *Life & Style* and *In Touch* is also premised on the faulty notion that because of this religious bigotry the two magazines reported on Scientology in general, and Cruise in particular, in a manner different from the reporting by other publications.

Joint Statement, at 69:18-24.

But Plaintiff's argument was not premised on any such notion. He has never disputed that negative articles about him and his religion appeared in other magazines. Plaintiff pointed out, in meet and confer, and in opposition to Defendants' motion that:

> Defendants devote pages and pages of their brief discussing the ways in which other publications reported on Plaintiff and his religion. The only thing these articles prove is that Scientology is a target for widespread discrimination. But regardless of the motives of other magazines, this does not change the fact that Defendants in our case were motivated by their demonstrable bigotry and animus toward Plaintiff's religion.

16233-00094/2005887.2                              3                     PLAINTIFF'S RESPONSE TO DEFENDANTS' APPLICATION FOR FEES AND COSTS

Joint Statement at 80:20-25.

Having created their strawman argument out of whole cloth, Defendants proceeded to spend scores of hours and thousands of dollars gathering and reviewing other negative media articles about Mr. Cruise and his religion. Indeed, seventeen such exhibits were included with Defendants' motion – all irrelevant to the issue at hand (McNamara Decl., Exh. 29-45).

Defendants' excessiveness and inefficiency carried forward to their Supplemental Memorandum. This was a five page pleading that Defendants filed in response to Plaintiff's portion of the joint stipulation, which essentially repeated and summarized what Defendants had already said in their original 70 page submission. Nevertheless, Defendants claim to have spent 18 hours preparing this reply – at an average of over 3.5 hours per page.

While recognizing that the Court has already decided that Defendants are entitled to 50% of their "reasonable" fees, Defendants' claimed fees of over $36,000 (half of their $73,035 total) are grossly excessive. At most, Defendants should be awarded half of their claimed fees, or $18,259.

DATED: December 10, 2013           GREENBERG GLUSKER FIELDS
                                   CLAMAN & MACHTINGER LLP


                                   By: /s/ Aaron J. Moss
                                       AARON J. MOSS (SBN 190625)
                                       Attorneys for Plaintiff TOM CRUISE